Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
PO Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (602) 956-1409
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Joshua Hayden**, | No. _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | **(Demand for Jury Trial)** |
| **Arizona Pool & Fountain Guy's LLC**, an Arizona limited liability company, and **David L. Bellaire and Jane Doe Bellaire**, a married couple, **Sue A. Bellaire and John Doe Bellaire**, a married couple, and **Kyle Bellaire and Jane Doe Bellaire II**, a married couple, | |
| Defendants, | |

Plaintiff, Joshua Hayden ("Plaintiff"), individually, alleges as follows:

**PRELIMINARY STATEMENT**

1.       Plaintiff brings this action against Defendants Arizona Pool & Fountain Guy's LLC, David L. Bellaire and Jane Doe Bellaire, Sue A. Bellaire and John Doe Bellaire, and Kyle Bellaire and Jane Doe Bellaire II (collectively "Defendants"), for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

201-219 ("FLSA") and for their unlawful failure to pay wages in violation of the Arizona

Wage Act, Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2.

2.     This is an action for equitable relief, unpaid wages, liquidated damages,

interest, attorneys' fees, and costs under the FLSA and the Arizona Wage Act.

3.     The FLSA was enacted "to protect all covered workers from substandard

wages and oppressive working hours." Under the FLSA, employers must pay all non-

exempt employees a one and one-half times their regular rates of pay for all time spent

working in excess of 40 hours in a given workweek.

4.     The Arizona Wage Act, and A.R.S. Title 23, Chapter 2, employment wage

payment standards for the state of Arizona. The Arizona Wage Act recognizes that

employers must pay their employees all wages earned.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 29

U.S.C. § 201, *et seq.*, and 28 U.S.C. § 1367 because this civil action arises under the

Constitution, the law of the United States, and Arizona law.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c)

because acts giving rise to the claims of Plaintiff occurred within the District of Arizona,

and Defendants regularly conduct business in and have engaged in the wrongful conduct

alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7.     At all material times to the matters alleged herein, Plaintiff is an individual

residing in Maricopa County, Arizona, and is a former employee of Defendants.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

-2-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

8.     At all material times, Plaintiff is a full-time, non-exempt employee of Defendants from approximately June 1, 2015, through the present.

9.     At all material times, Plaintiff was employed by Arizona Pool & Fountain Guy's LLC as a repairperson. Arizona Pool & Fountain Guy's LLC employed Plaintiff to perform various duties, including, but not limited to, repairs and troubleshooting of pool, spa, and fountain equipment and remodeling and sealing of fountains.

10.     At all material times, Plaintiff was an employee of Arizona Pool & Fountain Guy's LLC as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

11.     Defendant Arizona Pool & Fountain Guy's LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's Employer as defined by 29 U.S.C. § 203(d).

12.     Defendant David L. Bellaire and Jane Doe Bellaire are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable. David L. Bellaire is the Owner of Arizona Pool & Fountain Guy's LLC and was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d). Jane Doe Bellaire is also the Owner of Arizona Pool & Fountain Guy's LLC.

13.     Under the FLSA, Defendants David L. Bellaire and Jane Doe Bellaire are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants David L. Bellaire and Jane Doe Bellaire are the owners of Arizona Pool & Fountain Guy's LLC.

They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Arizona Pool & Fountain Guy's LLC. As persons who acted in the interest of Arizona Pool & Fountain Guy's LLC in relation to the company's employees, David L. Bellaire and Jane Doe Bellaire are subject to individual liability under the FLSA.

14.     Defendant Sue A. Bellaire and John Doe Bellaire are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable. David L. Bellaire is the Owner of Arizona Pool & Fountain Guy's LLC and was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d). John Doe Bellaire is the Owner of Arizona Pool & Fountain Guy's LLC.

15.     Under the FLSA, Defendants Sue A. Bellaire and John Doe Bellaire are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Sue A. Bellaire and John Doe Bellaire are the owners of Arizona Pool & Fountain Guy's LLC. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Arizona Pool & Fountain Guy's LLC. As persons who acted in the interest of Arizona Pool & Fountain Guy's LLC in relation to the company's employees, Sue A. Bellaire and John Doe Bellaire are subject to individual liability under the FLSA.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

16.     Defendant Kyle Bellaire and Jane Doe Bellaire II are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable. Kyle Bellaire is the Owner of Arizona Pool & Fountain Guy's LLC and was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d). Jane Doe Bellaire II is also the Owner of Arizona Pool & Fountain Guy's LLC.

17.     Under the FLSA, Defendants Kyle Bellaire and Jane Doe Bellaire II are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Kyle Bellaire and Jane Doe Bellaire II are the owners of Arizona Pool & Fountain Guy's LLC. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Arizona Pool & Fountain Guy's LLC. As persons who acted in the interest of Arizona Pool & Fountain Guy's LLC in relation to the company's employees, Kyle Bellaire and Jane Doe Bellaire II are subject to individual liability under the FLSA.

18.     Plaintiff is further informed, believe, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

19.     Defendants, and each of them, are sued in both their individual and corporate capacities.

20. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

21. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

22. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply Arizona Defendants

23. At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

24. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

25. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## FACTUAL ALLEGATIONS

26. Defendants own and/or operate as Arizona Pool & Fountain Guy's LLC, an enterprise located in Maricopa County, Arizona.

27. Arizona Pool & Fountain Guy's LLC is an enterprise that build, maintains, and repairs pools, fountains, spas and other similar items in Arizona.

28. On approximately June 1, 2015, Plaintiff began employment with Defendants as a repairperson, performing various repetitive tasks such as repairs and troubleshooting of pool, spa, and fountain equipment and remodeling and sealing of fountains.

29. Plaintiff was not a manager in his work for Defendants.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

30.     Plaintiff did not have supervisory authority over any employees in his work for Defendants.

31.     Plaintiff did not possess the authority to hire or fire employees in his work for Defendants.

32.     Plaintiff did not possess the authority to make critical job decisions with respect to any Arizona Pool & Fountain Guy's LLC employee in his work for Defendants.

33.     Plaintiff did not direct the work of two or more employees in his work for Defendants.

34.     Plaintiff did not exercise discretion and independent judgment with respect to matters of significance in his work for Defendants.

35.     Plaintiff did not perform office or non-manual work for Defendants in his work for Defendants.

36.     Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise in his work for Defendants.

37.     From the commencement of Plaintiff's employment through approximately March 15, 2016, Plaintiff was compensated at a rate of $52,000.00 annually.

38.     From the commencement of Plaintiff employment in June 2015 through the present, he has been a non-exempt employee.

39.     Throughout the duration of Plaintiff's employment, Defendants have failed to properly compensate Plaintiff for his overtime hours.

-7-

40.     Plaintiff routinely worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

41.     Specifically, during his employment, Plaintiff routinely worked in excess of 50 hours per week and was not paid the premium one-and-one-half times his regular rate of pay as required under the FLSA for hours worked over 40 in a workweek.

42.     In a given workweek, and during each and every workweek, of Plaintiff's employment with Defendants, Plaintiff worked between approximately five (5) and thirty (30) hours of overtime without being compensated at one-and-one-half times his regular rate of pay for such time worked.

43.     Plaintiff worked more than forty (40) hours in a given workweek without being compensated for the overtime hours worked during that workweek.

44.     For example, during workweek of October 5, 2015, Plaintiff worked approximately 20 hours of overtime without being compensated at one-and-one-half times his regular rate of pay for such time worked.

45.     Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

46.     Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

47.    Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

48.    Plaintiff was a non-exempt employee.

49.    Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

50.    Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

51.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

52.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY PROPER OVERTIME RATE**

53.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54.    Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

55.    In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

56. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

57. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

58. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

59. Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

60. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one and one half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

61. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Joshua Hayden, individually, respectfully requests that this Court grant the following relief in Plaintiff Joshua Hayden's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one or more of the following acts:

  i.     violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

  ii.    willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C.     For the Court to award prejudgment and post-judgment interest;

D.     For the Court to award Plaintiff a reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

E.     Such other relief as this Court shall deem just and proper.

**COUNT TWO: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES**

62.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63.     As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 per week, Defendants did not pay Plaintiff wages owed to Plaintiff, in violation of A.R.S. Title 23, Chapter 2.

64.     As a result of Defendants' willful failure to compensate Plaintiff wages owed for all hours worked, Defendants violated the A.R.S. Title 23, Chapter 2.

65.     Pursuant to A.R.S. 23-355, Plaintiff is entitled to damages treble the amount of wages that Defendants failed to pay to Plaintiff, to be proven at trial.

**WHEREFORE**, Plaintiff, Joshua Hayden, individually, respectfully requests that this Court grant the following relief in Plaintiff Joshua Hayden's favor, and against Defendants:

F.     For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

G.     For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiff, pursuant to A.R.S. § 23-355, to be determined at trial;

H.     For the Court to award prejudgment and post-judgment interest;

I.     For the Court to award Plaintiff a reasonable attorneys' fees and costs of the action;

J.     Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.


RESPECTFULLY SUBMITTED this 26th day of March 2016.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
*Attorney for Plaintiff*

THE BENDAU LAW FIRM, PLLC
P.O. Box 97066,
Phoenix, AZ 85060