Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (602) 956-1409
Email: cliffordbendau@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Joshua Hayden**, <br><br> Plaintiff, <br><br> vs. <br><br> **Arizona Pool & Fountain Guy's LLC**, an Arizona limited liability company, and **David L. Bellaire and Jane Doe Bellaire**, a married couple, **Sue A. Bellaire and John Doe Bellaire**, a married couple, and **Kyle Bellaire and Jane Doe Bellaire II**, a married couple, <br><br> Defendants. | No. 2:16-CV-00840-SRB <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR ENTRY OF DEFAULT OR (ALTERNATIVELY) MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIM** |

Plaintiff Joshua Hayden requests that the Court deny Defendants' Request to Enter Default or (Alternatively) Motion for Leave to File Amended Counterclaim Against Plaintiff (Dkt. 34) ("Motion") for the following reasons:

1. Defendants' Counterclaim was rendered moot when Plaintiff filed his First Amended Complaint as a matter of course, and Defendants failed to even assert their improper counterclaim in their Answer to Plaintiff's First Amended Complaint (Dkt. 24).

2. Defendants' proposed counterclaims of fraud, breach of contract, and breach of the implied covenant of good faith and fair dealing against Plaintiff are inappropriate, permissive, state-law counterclaims that do not arise out of the same facts or occurrences as Plaintiff's FLSA claim; and

3. Defendants' counterclaim is the definition of FLSA retaliation, and Defendants asserted it *because* he filed this lawsuit.

Defendants request leave to file a counterclaims of fraud, breach of contract, and breach of the implied covenant of good faith and fair dealing against Plaintiff based essentially on allegations that Plaintiff lied about his qualifications in order to receive the job that he did. Putting aside that Defendants' counterclaim was rendered moot upon the filing of Plaintiff's First Amended Complaint and that therefore entry of default against Plaintiff is entirely improper here, district courts disfavor counterclaims in any FLSA action because they violate the congressional purpose of the FLSA and are viewed as retaliation by the employer against the employee for bringing the FLSA claim against the employer, which these proposed claims are.

Moreover, this FLSA action is no place for permissive state-law counterclaims that do not arise out of the same facts and circumstances as Plaintiff's federal wage claims against Defendants. Plaintiff's alleged conduct has nothing to do with whether Defendants properly paid Plaintiff wages under the FLSA. For these reasons, Plaintiff requests that the Court deny Defendants' Request for Entry of Default and deny Defendants leave to file their proposed counterclaims. The following Memorandum of Points and Authorities supports this Response.

## Memorandum of Points and Authorities

**I.    Defendants are precluded from filing an amended counterclaim "as a matter of course" because the deadline to do so has passed.**

As an initial note, the deadline for Defendant to file an amended pleading as a matter of course has passed. Defendants' Motion requests to file an Amended Counterclaim as a matter of course, pursuant to Fed. R. Civ. P. 15(a)(1). (Dkt. 34, p. 2). However, Rule 15(a)(1) clearly states that "[a] party may amend its pleading once as a matter of course within…21

2

days after serving it." Fed. R. Civ. P. 15(a)(1). Here, Defendants filed their Answer to Plaintiff's First Amended Complaint on June 16, 2016. The deadline to file an amended pleading as a matter of course, therefore, was July 7, 2016. Therefore, Defendants are precluded from filing an amended counterclaim "as a matter of course."

**II. Defendants' original Counterclaim was rendered moot when Plaintiff filed his First Amended Complaint as a matter of course.**

Entry of default against Plaintiff would be improper because Plaintiff filed his First Amended Complaint as a matter of course, which rendered Defendants' Answer and Separate Counterclaim moot as a matter of law. "It is well-established that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 858 (9th Cir. 2011), *quoting Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997). Indeed, to enter default against Plaintiff would be improper because the filing of Plaintiff's First Amended Complaint rendered Plaintiff's original Complaint moot, which in turn mooted the counterclaims that Defendants asserted. There can be no counterclaim if no claim with legal effect exists to be countered: "[T]he general rule is that an amended complaint supersedes the original complaint and renders it without legal effect." *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).

Moreover, this Court recently cited the above-mentioned cases in *Bush v. GlobalTranz Enterprises, Inc.* when it denied Defendants' motion to dismiss the plaintiffs' original complaint on the grounds that Plaintiffs' filing of a first amended complaint as a matter of course mooted the motion to dismiss the original complaint as a matter of law. *Bush v. GlobalTranz Enterprises, Inc.*, No. 2:15-cv-00536-DJH, Dkt. No. 21 (D. Ariz. May 14, 2015) (attached as "**Exhibit A**") ("once Plaintiffs filed the Amended Complaint, the pending Motion to Dismiss became moot"). Likewise, here, once Plaintiff filed the First Amended

3

Complaint, the pending Answer and Counterclaim became moot.

In *Valadez-Lopez*, *Forsyth*, *Lacey*, and *Bush*, each of the plaintiffs' amended complaints mooted the original complaints and rendered them without legal effect. Likewise, here, Plaintiff's First Amended Complaint was filed as a matter of course. Just as in *Valadez-Lopez*, *Forsyth*, *Lacey*, and *Bush*, Plaintiff's First Amended Complaint rendered Plaintiff's original complaint without legal effect. Therefore, the Court must find that the First Amended Complaint rendered the original Complaint without legal effect, that as a result Defendants' counterclaims were mooted, and that entry of default against Plaintiff is improper.

**III.    Defendants' Proposed Counterclaims are Permissive, State-Law Claims That do not arise out of the same operative facts as Plaintiff's FLSA claim and would therefore be subject to dismissal were this Court to grant the Motion.**

Defendants' proposed fraud, breach of contract, and breach of the implied covenant of good faith and fair dealing counterclaims against Plaintiff are inappropriate because they are permissive, state-law counterclaims that do not arise out of the same transaction or occurrence as the alleged wages violations at issue in this action. Defendants' proposed counterclaim would therefore be immediately subject to dismissal were the Court to grant Defendants' Motion. As such, the Motion should be denied as moot.

Defendants' Motion should be denied because counterclaims are inappropriate in any case brought to enforce the FLSA's minimum wage and overtime provisions. *Brennan v. Heard*, 491 F.2d 1, 2 (5th Cir. 1974), *rev'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). *Brennan* held that:

> The FLSA decrees a minimum unconditional payment and the commands of that Act are not to be vitiated by an employer, either acting alone or through the agency of a federal court. The federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors. Their sole function and duty under the Act is to assure to the employees of a covered company a minimum

4

> level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act. The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To Clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act. Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions.

*Brennan*, 491 F.2d at 4; *see also Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983) (an employer was not entitled to assert setoffs, counterclaims, and third-party complaints against amounts found to be due to his employees).

Recently, this Court dismissed a permissive counterclaim that did not have a common nucleus of operative facts with a plaintiff's FLSA claim. *Poehler* held:

> Federal policy presents a compelling reason for the court to refuse to exercise supplemental jurisdiction over Defendants' counterclaims…The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To Clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act.

*Poehler v. Fenwick*, 2015 WL 7299804, at *2 (D. Ariz. Nov. 19, 2015) (Sedwick, J.) (citing *Martin v. Pepsiamericas, Inc.*, 628 F.3d 738 (5th Cir. 2010)) (set-offs in FLSA cases should not be allowed unless the money being set off can be considered wages that the employer pre-paid to the employee-plaintiff). This Court also dismissed a defendant's state law counterclaim in an FLSA action because of an insufficient nexus between that plaintiff's FLSA claim and the defendant's counterclaims for conversion and breach of the duty of loyalty. *Palmer v. Franks*, 2015 WL 5561299, at *2 (D. Ariz. Sept. 22, 2015) (McNamee, J.) ("the employment link, standing alone, is insufficient to trigger supplemental jurisdiction over state law claims that are unrelated to the underlying FLSA claim.").

Because most counterclaims sound in tort or contract theories that do not have an independent federal basis for federal jurisdiction, the counterclaim and the underlying federal

5

claim must "derive from a common nucleus of operative fact" for the non-federal claim to fall within supplemental jurisdiction. 28 U.S.C. § 1367(a). In the context of employment law actions, it is not enough that the counterclaim derives from the same employment relationship that gave rise to the federal claims. *Klein v. London Star Ltd.*, 26 F. Supp. 2d 689 (S.D.N.Y. 1998) (collecting cases); *Spencer v. Banco Real, SA.*, 623 F. Supp. 1008 (S.D.N.Y. 1985) (counterclaims for torts including trespass insufficiently related to underlying Title VII claims); *Hameli v. Nazario*, 930 F. Supp. 171, 183 (D. Del. 1996) (claim that employer lacked "good cause" to terminate plaintiff under state law was not so closely related to plaintiff's claim that defendant's decision to terminate plaintiff violated due process). Rather, the resolution of the claims must depend on the same facts. *Goldman Marcus, Inc. v. Goldman*, 2000 WL 297169 (S.D.N.Y. 2000).

Here, Defendants' proposed counterclaims assert that Plaintiff breached an alleged contract of employment with Defendants. But the question of whether Plaintiff breached such an alleged contract has nothing to do with the question of whether Defendants properly paid Plaintiff under the FLSA. The only commonality of the claims is that Defendants employed Plaintiff during the timeframe under which the claims arise – and that is not enough under *Palmer*. Indeed, just as *Palmer* held that such counterclaims are inappropriate in an FLSA action, this Court should find that Defendants' counterclaims are barred.

/ /

/ /

6

**IV.  District Courts disfavor retaliatory counterclaims in FLSA cases, such as here, and this Court should deny defendants leave to file their proposed counterclaims.**

District courts view counterclaims in FLSA actions as retaliation by the employer against the employee. Legal proceedings–including counterclaims–can constitute retaliation if they are filed against an employee in response to the employee asserting statutory workplace rights. *See, e.g.*, *Jacques v. DiMarzio, Inc.*, 216 F. Supp, 2d 139, 141-43 (E.D.N.Y. 2002) (defendant's counterclaims found *sua sponte* to be retaliatory, and sanctions issued). "[A] lawsuit may be used by an employer as a powerful instrument of coercion or retaliation" and may dissuade individuals from pursuing their claims. *Rosania v. Taco Bell of Am., Inc.*, 303 F. Supp. 878, 885 (N.D. Ohio 2004) (internal quotations omitted).

Even the threat of a lawsuit can constitute an adverse employment action because it is designed to deter the protected activity. In *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.* 263 F.3d 208 (2d Cir. 2001), the Second Circuit found actionable an "adverse action" in the employer's threat of a lawsuit against an employee who asserted rights under the Americans with Disabilities Act; the threat "served to 'intimidate' or 'threaten' her in the assertion of her right to make complaints or file charges under the ADA." *Lovejoy-Wilson,* 263 F.3d 208, 223.

Here, Defendants' proposed counterclaims are a transparent attempt to retaliate against Plaintiff for filing this lawsuit. Not only are the proposed counterclaims completely frivolous, the alleged conduct has nothing to do with the wage claims at issue in this case. Defendants can raise their proposed counterclaims at another time, in a different court. Certainly, they have no place here. This Court should therefore deny Defendants leave to file the proposed retaliatory counterclaims.

/ /

/ /

7

**V.     In the event that this Court determines that Plaintiff's First Amended Complaint did not moot Defendants' original counterclaim, Plaintiff requests leave to respond to Defendants' original counterclaim.**

Notwithstanding the foregoing, in the event that this Court determines that Plaintiff's First Amended Complaint did not moot Defendants' original counterclaim, Plaintiff requests leave and/or additional time to respond to Defendants' original counterclaim.

**VI.    Conclusion.**

For these reasons, Plaintiff requests that this Court deny Defendants' Motion in its entirety.

DATED this 12th day of July, 2016.

THE BENDAU LAW FIRM PLLC

s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
P.O. Box 97066
Phoenix, Arizona 85060
Attorney for Plaintiff

**Certificate of Service**

I certify that on this 12th day of July, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David J. Sandoval
Trysta M. Puntenney
CARMICHAEL & POWELL, P.C.
7301 N. 16th St., Ste. 103
Phoenix, Arizona 85020-5297

s/*Clifford P. Bendau, II*