**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Joshua Hayden,<br><br>    Plaintiff,<br><br>v.<br><br>Arizona Pool & Fountain Guys LLC, et al.,<br><br>    Defendants. | No. CV-16-00840-PHX-SRB<br><br>**ORDER** |

At issue is Plaintiff's Motion to Dismiss Defendants' Amended Counterclaim ("MTD") (Doc. 44).

**I.    BACKGROUND**

Plaintiff Joshua Hayden initiated this action against his former employer alleging that he was not paid for his overtime hours in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Arizona Wage Act, A.R.S. § 23-350 *et seq.* (Doc. 1, Compl. ¶¶ 53-65.)[1] The Court ruled that Plaintiff does not qualify as an exempt employee under the FLSA thereby clarifying that he must receive overtime compensation for any hours over 40 worked in a week. (Doc. 33, July 7, 2016 Order at 1.) On August 3, 2016, Defendant Arizona Pool & Fountain Guys, LLC filed its First Amended Counterclaim alleging fraud in the inducement, breach of contract, and breach of the implied covenant of good faith and fair dealing based on the parties' alleged employment

---

[1] Plaintiff also filed an Amended Complaint including an additional FLSA retaliation claim. (Doc. 22, Am. Compl. ¶¶ 74-83.)

contract. (Doc. 41, Am. Countercl. ¶¶ 19-38.) Plaintiff argues that the employment contract on which the counterclaims are based is void because it conflicts with the FLSA and moves to dismiss Defendant's Amended Counterclaim. (MTD at 3-7.)

## II.     LEGAL STANDARDS AND ANALYSIS

Rule 12(b)(6) dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011), *cert. denied*, *Blasquez v. Salazar*, 132 S. Ct. 1762 (2012). In determining whether an asserted claim can be sustained, "[a]ll of the facts alleged in the complaint are presumed true, and the pleadings are construed in the light most favorable to the nonmoving party." *Bates v. Mortg. Elec. Registration Sys., Inc.*, 694 F.3d 1076, 1080 (9th Cir. 2012). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, "for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, the complaint must contain enough factual content "to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556.

Plaintiff argues that Defendant's Amended Counterclaim fails to state a legally cognizable claim because the claims are all based on the alleged employment agreement that Plaintiff claims is void because it violates the FLSA. (MTD at 3-7.)[2] Defendant admits that the original employment agreement calculated Plaintiff's salary based on an

---

[2] Plaintiff also argues for the first time in his Reply that Defendant's counterclaims would more appropriately be raised as defenses. (Doc. 48, Pl.'s Reply in Supp. of MTD at 4-5.) As explained below, Defendant is not asserting the counterclaims as a way of reducing its liability under the FLSA. Rather, it is seeking its own damages as a result of Plaintiff's alleged misconduct during the employment relationship. Therefore, the Court rejects this argument.

- 2 -

estimated 50 hours of work per week in violation of the FLSA but argues that the FLSA voids only the portion of the employment agreement that denies Plaintiff overtime compensation and does not void the rest of the agreement. (Doc. 47, Resp. to Pl's MTD ("Resp.") at 3.) The FLSA was enacted "to achieve a uniform national policy of guaranteeing compensation for all work . . . covered by the Act." *Tennessee Coal, Iron and R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 602 (1944.) "Any custom or contract falling short of that basic policy . . . cannot be utilized to deprive employees of their statutory rights." *Id.* at 602-03; *see also Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 513-14 (9th Cir. 1978) (The "statutory duty [imposed by the FLSA] could not be modified or waived and any attempt to relieve [employer] from that obligation was without effect.").

Plaintiff relies on *Tennessee Coal*, *Lerwill*, and similar cases from other circuits for the proposition that an employment agreement that has a provision that violates the FLSA is void in its entirety. (MTD at 4-5.) Those cases only hold, however, that such contractual provisions cannot be used to deny an employee his rights under the FLSA. *See Tennessee Coal*, 321 U.S. at 602; *Lerwill*, 582 F.2d at 513-14. The Court, therefore, cannot conclude that any employment agreement between the parties is void in its entirety. Furthermore, Defendant has admitted that Plaintiff is entitled to overtime compensation under the FLSA if he worked more than 40 hours in a given week and is therefore not asserting any contractual defense to its statutory obligation. (Resp. at 3.) Defendant alleges in its Counterclaim that Plaintiff caused monetary harm to it through violations of his employment agreement, including lying about his qualifications in order to get a job with Defendant, failing to complete timesheets, engaging in personal business during the workday, using a company vehicle for non-work related purposes, and falsifying timesheets. (Am. Countercl. ¶¶ 15-17, 20-26.) None of Defendant's claims attempt to escape responsibility for overtime wages rightfully owed under the FLSA. Rather, they attempt to recover damages resulting from Plaintiff's alleged wrongful conduct throughout the employment relationship. Therefore, the Court denies Plaintiff's

1 | Motion to Dismiss.

**III. CONCLUSION**

Because the FLSA only prohibits Defendant from using the parties' contract as a defense to its statutory obligations and does not void their alleged agreement in its entirety, the Court denies Plaintiff's Motion to Dismiss Defendant's counterclaims.

**IT IS ORDERED** denying Plaintiff's Motion to Dismiss Defendants' Amended Counterclaim (Doc. 44).

Dated this 17th day of November, 2016.

_____
Susan R. Bolton
United States District Judge